1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKUS JERRELL AVERHART, CDCR #T-90736, | Civil No.    10-1450 DMS (JMA) |
| Plaintiff, | **ORDER:** |
| | **(1) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE [Doc. No. 7]** |
| vs. | |
| HECTOR ALCAZAR, Parole Agent; JOE MARTINEZ, Parole Agent Supervisor; PAT SHIELDS, Deputy Comm'r; JULIE MARIE HANEY, Special Agent Investigator, | **AND** |
| | **(2)  SUA SPONTE GRANTING PLAINTIFF AN EXTENSION OF TIME IN WHICH TO FILE AMENDED COMPLAINT** |
| Defendants. | |

Markus Jerrell Averhart ("Plaintiff"), a prisoner currently detained at George F. Bailey Detention Facility in San Diego, California, is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 10, 2010, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), but sua sponte dismissed his Complaint for failing to state a claim and for seeking money damages against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *See* Aug. 10, 2010 Order [Doc. No. 5] at 4-5.  Plaintiff was granted

1   45 days leave, however, to amend his pleading.  *Id.* at 5; *see also Lopez v. Smith*, 203 F.3d 1122,

2   1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no

3   request to amend the pleading was made, unless it determines that the pleading could not

4   possibly be cured.") (citations omitted).)  On August 27, 2010, Plaintiff submitted a Motion to

5   Appoint Counsel [Doc. No. 7].

6                                   **I.**

7                **MOTION FOR APPOINTMENT OF COUNSEL**

8        Plaintiff requests appointment of counsel because he is "somewhat articulate," but is

9   nevertheless a "layman of law both civil/criminal."  Pl.'s Mot. ¶ 1.  Plaintiff further claims

10  "extraordinary circumstances" warrant appointment of counsel in his case because since filing,

11  he has been transferred from the Vista Detention Facility to George Bailey, where he has limited

12  access to staples, copies, stamps and the law library.  *Id.* ¶¶ 2-4.

13       "There is no constitutional right to appointed counsel in a § 1983 action." *Rand v.*

14  *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353

15  (9th Cir. 1981)); *see also Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363

16  (9th Cir. 1994) ("[T]here is no absolute right to counsel in civil proceedings.") (citation omitted).

17  Thus, federal courts do not have the authority "to make coercive appointments of counsel."

18  *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v.*

19  *$292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

20       Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request"

21  that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances."

22   *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113

23  F.3d at 1525.  "A finding of the exceptional circumstances of the plaintiff seeking assistance

24  requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an

25  evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal

26  issues involved.'" *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328,

27  1331 (9th Cir. 1986)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

28  / / /

The Court agrees that any pro se litigant "would be better served with the assistance of counsel." *Rand*, 113 F.3d at 1525 (citing *Wilborn*, 789 F.2d at 1331). However, so long as a pro se litigant, like Plaintiff in this case, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might *require* the appointment of counsel do not exist. *Id.* (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realms of discovery and the securing of expert testimony.").

The Court finds that while Plaintiff's original Complaint fell short of stating a claim upon which section 1983 relief can be granted, his pleading, as well as his current Motion nevertheless demonstrate an ability to articulate the facts supporting his purported claims. Therefore, neither the interests of justice nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

## II.

### EXTENSION OF TIME

While the Court has found no exceptional circumstances support appointment of counsel in this matter, Plaintiff is still proceeding in pro se, and has described several potential obstacles to filing an Amended Complaint within the 45 days originally provided. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ... technical procedural requirements.").

"'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown). Accordingly, the Court will, on its own motion, grant Plaintiff additional time in which to file his Amended Complaint.

### III.

#### CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

1)      **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1) [Doc. No. 7]; and

2)      **GRANTS** Plaintiff an extension of time in which to file his Amended Complaint. Plaintiff's Amended Complaint, should he elect to file one, must be received by the Court no later than **Monday, October 25, 2010.**   Moreover, Plaintiff is cautioned that his Amended Complaint must address the deficiencies of pleading previously identified in the Court's August 10, 2010 Order [Doc. No. 5], and must be complete in itself without reference to his original complaint.   *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

IT IS SO ORDERED.

DATED:  September 7, 2010

_____
HON. DANA M. SABRAW
United States District Judge